UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SAM LOWE,

      Petitioner,

v.                                                Case No. 1:09-CV-480

MARY BERGHUIS,                    HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed both Magistrate Judge Carmody's November 21, 2011, Report and Recommendation (R & R) and Petitioner's Objection to the R & R, as well as the pertinent portions of the record. Based on its *de novo* review, the Court will adopt the R & R in its entirety and overrule Petitioner's Objection.

Petitioner raised three grounds for relief, two of which asserted that his trial counsel was ineffective. As to those claims, Petitioner argued that his trial was counsel was ineffective by failing to adequately investigate and prepare by: (1) failing to visit the scene; (2) failing to view the videotape of the interview of the alleged victim; and (3) failing to interview the alleged victim's siblings. Petitioner also argued that his counsel was ineffective in making the following trial decisions: (1) calling a witness who testified that the victim told her that Petitioner had molested the victim one time; (2) telling the jury that the prosecutor had a duty to call the siblings as witnesses; (3) failing to request the videotape of the victim's interview; (4) failing to inform Petitioner before trial that he would have to testify; and (5) asking Petitioner during direct examination if he ever touched the victim's breast for sexual gratification. For his third ground, Petitioner alleged that the

state trial court should have granted his motion to suppress his statements for lack of *Miranda* warnings. After reviewing Petitioner's claims, the magistrate judge recommended that they be rejected because, among other reasons, the Michigan Court of Appeals did not unreasonably apply established Supreme Court precedent in rejecting Petitioner's claims.

Petitioner first contends that, with regard to the failure to investigate and prepare portion of his ineffective assistance claim, the magistrate judge improperly concluded that the record evidence suggests that Petitioner's counsel did visit the home. Petitioner contends that this observation is wholly conclusory. While the magistrate judge's observation is consistent with the record, even if it is deemed conclusory, the Court nonetheless concurs with the magistrate judge's ultimate conclusion that the state court's application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), was reasonable with regard to both the performance and prejudice prongs. Although Petitioner correctly notes that the case involved conflicting statements by the victim, the Court concludes that any failure of trial counsel to visit the home did not deprive Petitioner of a substantial defense. Petitioner's trial counsel still attacked the victim's credibility through pictures of the bathroom and expert testimony, which suggested that the victim's account of being molested in the bathroom was implausible. Moreover, as the magistrate judge observed, trial counsel effectively challenged the victim's story in other ways based on the layout of the house.[1]

Petitioner next takes issue with the magistrate judge's conclusion that his trial counsel's decision to have witness Ludwiga Umbrasas testify that the victim told Umbrasas that Petitioner had molested her on only one occasion was part of counsel's reasonable trial strategy to show that the victim told different stories at different times. Petitioner contends that presenting this testimony was

---

[1] Petitioner neglects to address the magistrate judge's observation that Petitioner fails to support the factual predicate of his claim that his trial counsel failed to visit the home. (R & R at 22.) Petitioner also failed to present a factual basis for his claim in the state court.

tantamount to an admission of guilt by Petitioner. The Court disagrees. As the magistrate judge noted, counsel's strategy was to undermine the victim's credibility by showing that she told a number of different stories to different people. This strategy was reasonable, and Umbrasas's testimony was simply part of that strategy. Moreover, Petitioner fails to show prejudice in light of other testimony regarding the victim's numerous statements of abuse by Petitioner.

Finally, Petitioner contends that the magistrate judge erred in concluding that the state courts reasonably applied established Supreme Court precedent in denying Petitioner's motion to suppress. Petitioner contends that Trooper Vrablic subjected him to custodial interrogation and should have provided *Miranda* warnings because Trooper Vrablic advised Petitioner that he had been instructed to arrest Petitioner but was not going to do so. This argument ignores, however, that the circumstances of the interview did not suggest that Petitioner was in custody. The interview occurred on Petitioner's front porch, and Trooper Vrablic advised Petitioner that he was not under arrest and was free to leave. Although, given the circumstances, Trooper Vrablic should have told Petitioner that Petitioner was free to ask Trooper Vrablic to leave, there is no indication that this misstatement gave rise to coercive circumstances. Therefore, the state court's denial of Petitioner's motion to suppress was reasonable.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.  Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 21, 2011 (docket no. 26) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (docket no. 27) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated:  March 6, 2012                              /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE